# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ISRAEL LOPEZ,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:11-cv-00181-LRH-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, following upon payment of the filing fee. Following initial review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

## *Background*

The allegations of the petition and information subject to judicial notice from the online docket records of the state courts reflect the following.

Petitioner Israel Lopez challenges his conviction, pursuant to a guilty plea, of second degree murder and burglary with the use of a deadly weapon.

The judgment of conviction was filed on September 13, 2007.

No notice of appeal was filed within the thirty-day time period for filing a direct appeal. The time to do so expired on Monday, October 15, 2007.

On or about April 21, 2008, petitioner filed a state post-conviction petition. The state district

court denied relief, and the state supreme court affirmed.  The remittitur issued on July 8, 2010.

On or about March 1, 2011, petitioner mailed the federal petition to the Clerk of this Court for filing.

***Discussion***

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."  In the present case, the limitation period, unless tolled or subject to a different starting date on some other basis, thus began running on the face of the present record after the expiration of the time period for filing a direct appeal, *i.e.,* after October 15, 2007.  Absent tolling or a different accrual date, the one-year limitation period would expire one year later, on October 15, 2008.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief.  The federal limitation period therefore was tolled in this case from on or about April 21, 2008, through July 8, 2010.  Approximately 188 days elapsed prior to the filing of the state petition on April 21, 2008, taking into account that 2008 was a leap year.  Accordingly, again taking into account the leap year, approximately 178 days remained in the federal limitation period after July 8, 2010, absent further tolling or delayed accrual.

Accordingly, absent further tolling or delayed accrual, the federal limitation period expired in this matter on or about Monday, January 3, 2011.

Petitioner did not mail the federal petition for filing until March 1, 2011, approximately two months after the federal limitation period already had expired, absent further tolling or delayed accrual.  The petition therefore is untimely on the face of the record.  Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled.

Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that, in light of the new evidence together with the evidence available to the State at the time of his plea, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case prior to the plea. *See House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

### *Additional Matters*

Under Local Rule LSR 3-1, petitioner must use the Court's required habeas petition form, and he must comply with all instructions in the form. On page 1 of the form, the petitioner is instructed to attach copies of all written state court decisions regarding his conviction. Petitioner did not do so. It further appears that copies of additional state court filings by petitioner would assist in completion of screening herein. Petitioner therefore will be ordered to attach such copies with his response.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying

motion for appointment of counsel.

IT FURTHER IS ORDERED that , within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show with competent evidence that the petition is timely, the action will be dismissed with prejudice.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.

IT FURTHER IS ORDERED that petitioner shall attach with his response copies of: (a) his state post-conviction petition and any supplement filed by any counsel; (b) the state district court's written decision on the petition; (c) all papers accepted for filing by the state supreme court presenting petitioner's claims on the state post-conviction appeal; (d) the state supreme court's written decision; and (e) the remittitur.

The Court will hold the motions for counsel under submission pending petitioner's response to this show cause order. The Court does not find that the interests of justice require the appointment of counsel prior to petitioner's response to the show cause order.[1]

DATED this 14th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] This order does not signify by omission that either the petition or the claims therein otherwise are free of deficiencies. The Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.