# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ISRAEL LOPEZ,

    *Petitioner*,

vs.

ROBERT LEGRAND, *et al.*,

    *Respondents*.

3:11-cv-00181-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1), as well as upon petitioner's motions (## 5, 12 & 16) for appointment of counsel. This order follows upon an earlier show cause order (#10) and petitioner's response (#13) thereto.

### *Background*

    Petitioner Israel Lopez challenges his conviction, pursuant to a guilty plea, of second degree murder and burglary with the use of a deadly weapon.

    The judgment of conviction was filed on September 13, 2007.

    No notice of appeal was filed within the thirty-day time period for filing a direct appeal. The time to do so expired on Monday, October 15, 2007.

    On or about April 21, 2008, petitioner filed a state post-conviction petition. The state district court denied relief, and the state supreme court affirmed. The remittitur issued on July 8, 2010.

    On or about March 1, 2011, petitioner mailed the federal petition to the Clerk of this Court for filing.

*Discussion*

*Base Calculation of the Federal Limitation Period*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* has raised the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."  In the present case, the limitation period, unless tolled or subject to a different starting date on some other basis, thus began running on the face of the present record after the expiration of the time period for filing a direct appeal, *i.e.,* after October 15, 2007.  Absent tolling or a different accrual date, the one-year limitation period would expire one year later, on October 15, 2008.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief.  The federal limitation period therefore was tolled in this case from on or about April 21, 2008, through July 8, 2010. Approximately 188 days elapsed prior to the filing of the state petition on April 21, 2008, taking into account that 2008 was a leap year.  Accordingly, again taking into account the leap year, approximately 178 days remained in the federal limitation period after July 8, 2010, absent further tolling or delayed accrual.

Accordingly, absent further tolling or delayed accrual, the federal limitation period expired in this matter on or about Monday, January 3, 2011.

Petitioner did not mail the federal petition for filing until March 1, 2011, approximately two months after the federal limitation period already had expired, absent further tolling or delayed accrual. The petition therefore is untimely on the face of the record.

*Equitable Tolling*

Petitioner relies upon equitable tolling in order to overcome the federal time bar.

In this regard, equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In his show cause response and supporting sworn declaration, petitioner asserts the following.[1]

Since "about April 10, 2010," petitioner has been housed in lockdown units "where there is no access to [the] prison law library or to any-one with knowledge of the law." On or about October 1, 2010, approximately three months prior to the expiration of the federal limitation period, petitioner was housed in such a "lockdown" unit in High Desert State Prison ("High Desert"). He made repeated requests to the prison law library for an inmate law clerk to help him file a petition. On or about October 23, 2010, petitioner received back a completed petition from an inmate law clerk ready for signing along with instructions as to what petitioner needed to do to effectuate the filing of the petition.

Petitioner noticed, however, that the front page on the pleading was the same as his state petition. On or after October 23, 2010, he contacted attorney Keith Brower, who had represented him on his state post-conviction appeal. According to petitioner, he asked Brower "if I could send it in like that and he said no." Petitioner "decided not to send in the petition at that time and wait and see if I could get help elsewhere." More than two months remained in the federal limitation period at that point.

Thereafter, on or about February 18, 2011, after the federal limitation period already had expired absent tolling, petitioner was transferred from High Desert to Lovelock Correctional Center

---

[1] In summarizing petitioner's assertions in the show cause response and declaration, the Court makes no findings of fact or credibility determinations as to the veracity of petitioner's assertions. The Court merely summarizes petitioner's assertions for purposes of discussion. No repeated assertion herein constitutes a finding of fact by the Court.

-3-

1 ("Lovelock"). He again was placed in a lockdown unit with limited access "to the prison law library
2 or to any-one with legal knowledge." On February 26, 2011, he sent a request for information and help.
3 He was provided a "federal writ package," and he "was also told just to copy the information of my 1st
4 postconviction petition onto the federal petition forms which I did then mailing the federal petition."

These factual assertions do not present a viable basis for equitable tolling.

At the outset, petitioner proceeds on an inherent underlying premise that he is entitled to equitable tolling during any period in which he is unable to obtain active legal assistance from an attorney or inmate law clerk. That is not the law, as a habeas petitioner has no constitutional right to active legal assistance, whether by an attorney or an inmate law clerk. Rather, under established law, the petitioner's *pro se* status does not constitute an extraordinary circumstance providing a basis for equitable tolling. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)(a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling). The *pro se* status of a habeas petitioner instead is an ordinary circumstance; and there is no independent freestanding right to assistance by counsel or otherwise in pursuing federal habeas relief. Inmates must timely and diligently seek federal habeas relief while proceeding *pro se*; and if they fail to do so, the fact that they were proceeding without active assistance by an attorney or inmate law clerk does not establish a viable basis for equitable tolling.

Moreover, the mere fact that an inmate in a "lockdown" and/or administrative segregation unit can access prison law library resources only through a paging system, *i.e.,* via prison request forms, does not provide a basis for equitable tolling in and of itself. The use of such a paging system to make prison law library resources available to inmates, in segregation units and otherwise, is an ordinary rather than an extraordinary circumstance. This Court recently reviewed the applicable law and held that the "[u]se of any paging system of any description whatsoever, in and of itself, does not categorically violate the Constitution and/or provide a basis for equitable tolling." *Felix v. McDaniel*, 2012 WL 666742, No. 3:09-cv-00483-LRH-WGC, slip op. at *7 (D. Nev., Feb. 29, 2012).[2]

---

[2] Indeed, in certain respects, the paging system used in Nevada state prisons has advantages over other means of making legal resources available to inmates. For example, under the paging system, multiple copies of frequently-
(continued...)

-4-

In the present case, however, petitioner did in fact receive active assistance from an inmate law clerk while in a lockdown unit prior to the expiration of the federal limitation period. Petitioner had in hand, with more than two months left in the limitation period, a completed petition ready for signing and with instructions for filing, albeit allegedly on the wrong form.

If petitioner had filed the petition that he then had in hand, but allegedly on an improper form, this Court either: (a) if sufficient time remained in the federal limitation period, would have dismissed the action without prejudice and provided petitioner a copy of the correct petition form along with a copy of the papers that he had filed; or (b) if the expiration of the limitation period then was impending, would have provided petitioner an opportunity to file an amended petition on the proper form in the same action. In either event, the Court would not have dismissed an otherwise timely petition filed on the improper form without providing the petitioner an opportunity to correct the deficiency in a manner that would not prejudice the petitioner vis-à-vis potential expiration of the federal limitation period.

Petitioner, however, did not file the petition that he then had in hand ready to file. He instead allegedly relied upon legal advice from his former state post-conviction counsel that he should not file the petition, without any consideration being given by counsel – on the facts alleged by petitioner – to the approaching expiration of the federal limitation period. Petitioner thus was in position – notwithstanding the alleged limitations associated with being in a lockdown unit – to file a timely petition but did not do so because of: (a) alleged negligence by the inmate law clerk in preparing the papers on an incorrect form; and (b) questionable alleged advice by his former attorney that failed to take into account that further delay might result in petitioner's federal petition being untimely.

Neither any questionable or erroneous advice by counsel nor any negligence by the inmate law clerk in allegedly using the incorrect form provides a basis for equitable tolling:

---

[2](...continued) requested cases are available for distribution through the internal prison mail system to inmates simultaneously. A case in a bound volume on a shelf in a physical law library instead may be viewed by only one inmate at a time, and only when the inmate is in the library. As a result, frequently-sought cases on occasion would be removed from the bound volume by inmates. Under a paging system, in contrast, copies of the same case can be sent to multiple inmates at the same time, without the necessity of them having to come physically to the law library during what typically were limited times for physical law library access. And the case is never rendered unavailable by being pilfered and cut out of a bound volume. *See Felix, supra*, slip op. at *6.

> It is well-established law that erroneous advice by counsel as to the running of the federal limitation period does not constitute an extraordinary circumstance that provides a basis for equitable tolling. In *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), the Supreme Court expressly rejected the petitioner's contention that "his counsel's mistake in miscalculating the limitations period entitle[d] him to equitable tolling." 549 U.S. at 336, 127 S.Ct. at 1085. The Court unequivocally held: "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 549 U.S. at 336–37, 127 S.Ct. at 1085. A long line of Ninth Circuit authority further clearly, uniformly and unequivocally holds that such garden variety attorney negligence in miscalculating the federal limitation period does not provide a basis for equitable tolling. *See, e.g., Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.2010); *Spitsyn*, 345 F.3d at 800; *Miranda*, 292 F.3d at 1066–68 & n. 4; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001).

*Felix, supra*, slip op. at *10.

Nothing in the showing presented reflects that petitioner promptly requested the correct form so that he could copy the allegations from either the petition prepared by the law clerk or his prior state petition onto the form and file it timely. In all events, as discussed above, petitioner simply could have timely filed the petition prepared by the inmate law clerk that he had in hand ready to go and then sought to amend on the correct form. *Cf. Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009)(the petitioner's lack of access to all of his files did not provide a viable basis for equitable tolling because he could have filed a timely original petition and then sought to amend to allege additional information).

Petitioner instead decided to wait, notwithstanding having a petition in hand that he could have filed prior to the expiration of the federal limitation period. Equitable tolling doctrine does not protect a habeas petitioner from making a poor choice to sit idly by rather than diligently pursue relief. It is established law "that a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Wadron-Ramsey*, 556 F.3d at 1013 n.4. A misguided belief that the petitioner should wait and do more to perfect his filing and that he would not be able to do so after filing the petition thus does not provide a basis for equitable tolling. *Id.*

In truth, petitioner could have done what he ultimately did, while still in a lockdown unit, in February 2011 – copied the allegations of his state petition onto a petition form and filed it in federal court – at any time during the nearly six months between the state supreme court's July 8, 2010,

1  remittitur and the January 3, 2011, expiration of the federal limitation period. At bottom, he did not do
2  so because no one told him to do that prior to February 2011. Petitioner's *pro se* status and alleged
3  ignorance of the law, again, is not a basis for equitable tolling. No extraordinary circumstance stood
4  in the way of petitioner filing a federal petition between July 8, 2010, and January 3, 2011, even while
5  in a lockdown unit. Under the controlling law, petitioner simply could not delay pursuing federal
6  habeas relief to wait for someone else to tell him what to do.

7  Petitioner accordingly has failed to present a viable basis for tolling. The federal petition is
8  time-barred and therefore will be dismissed with prejudice.[3]

9  IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as time-
10 barred.

11 IT FURTHER IS ORDERED that petitioner's motions (## 5, 12 & 16) for appointment of
12 counsel are DENIED, as the petition clearly is untimely and the boilerplate form motions submitted do
13 not demonstrate that the interests of justice otherwise require the appointment of counsel herein.

14 IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists
15 would not find debatable or wrong the district court's dismissal of the petition as untimely. At bottom,
16 petitioner's claim of equitable tolling is grounded in the premise that, as a *pro se* litigant, he was entitled
17 to equitable tolling until he was properly advised what to do by either an attorney or an inmate law

---

[3] Petitioner additionally refers to allegedly barely having completed the tenth grade and to "English being my second language."

With regard to language, petitioner's conclusory reference to English being his "second" language does not establish a lack of sufficient fluency in English. Having a native tongue and a second language does not establish, in and of itself, a lack of adequate fluency in the second language. In all events, under controlling Ninth Circuit law, "a *non*-English-speaking petitioner seeking equitable tolling must, *at a minimum*, demonstrate that during the running of the AEDPA time limitation, he *was unable, despite diligent efforts, to procure either legal materials in his own language or translation* assistance from an inmate, library personnel, *or other source*." *Mendoza v. Carey*, 449 F.3d 1065, 1170 (9th Cir. 2006)(emphasis added). Nothing in petitioner's conclusory reference to English being his "second" language comes close to satisfying this burden. The show-cause order directed petitioner to present specific facts supported by competent evidence, and it informed him that the Court would disregard any nonspecific assertions not supported by competent evidence. See #10, at 4. In this case, petitioner had a fully-prepared petition in English in hand before the expiration of the federal limitation period. He has not shown that any alleged inability to communicate in English and/or obtain translation assistance had a causal connection to his failure to file timely.

Petitioner's alleged limited tenth-grade education level similarly does not provide a basis for equitable tolling. *See, e.g., Felix, supra*, at *7 & *9-10.

clerk. Under established Ninth Circuit law, petitioner's *pro se* status and his alleged ignorance of the law does not provide a basis for equitable tolling.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall provide a copy of this order, the judgment, and the petition to respondents by effecting informal electronic service upon Catherine Cortez Masto as per the Clerk's current practice. **No response is required from respondents, other than to respond to any orders of a reviewing court.**

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED this 23rd day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE